IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ISIAH ANDREW ROTEN, | ) |
| | ) |
| | ) Civil Act. No. 2:23-cv-00020-CBB |
| Plaintiff, | ) |
| | ) United States Magistrate Judge |
| vs. | ) Christopher B. Brown |
| | ) |
| GEORGE LITTLE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION[1]**

**CHRISTOPHER B. BROWN, United States Magistrate Judge**

Pending is the Motion for a Temporary Restraining Order and Preliminary

Injunction against Corrections Defendants, with brief in support, filed by Plaintiff,

Isiah Andrew Roten ("Roten").  ECF Nos. 97 and 98.  The Corrections Defendants

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), Roten and the named and served Defendants have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. Restricted ECF Nos. 30, 31, 32, and 35. While named and unserved parties generally must also consent for a magistrate judge to exercise jurisdiction based on "consent of the parties" under that statute, *see Burton v. Schamp*, 25 F.4th 198, 208 (3d Cir. 2022) (citing with approval *Williams v. King*, 875 F.3d 500 (9th Cir. 2017) and *Coleman v. Labor and Indus. Rev. Comm'n*, 860 F.3d 461 (7th Cir. 2017)), this Court is unaware of any decision holding that consent is necessary from defendants who are both unserved and unidentified, such as the Doe defendants here. Courts disregard such defendants in other contexts, including contexts affecting jurisdiction. *See, e.g.*, 28 U.S.C. § 1441(b)(1) (providing that for removal based on diversity of citizenship, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8 & 9*, 172 F.R.D. 411, 414–15 (D. Haw. 1996) (reaching the same conclusion for diversity jurisdiction over cases first filed in federal court). The Court therefore concludes that consent of the unserved Doe defendants here, RDS John Doe and Jane Doe2 specifically, is unnecessary to proceed under § 636(c).

have responded in opposition, to which Roten has filed a Sur-Reply.  ECF Nos. 103

and 105.  Roten has also filed a separate Motion for Telephone Conference "to

discuss our positions on this injunction." ECF No. 110 at 5.  For the reasons below,

both motions will be denied.

## I.     Background

Roten, a prisoner in the custody of the Pennsylvania Department of

Corrections ("DOC") at its State Correctional Institution at Greene ("SCI-Greene"),

commenced this action on January 6, 2023.  ECF No. 1. The Complaint was lodged

as it did not come with either a motion for leave to proceed in forma pauperis or the

filing fee.  On January 30, 2023, Roten paid the full filing fee and the Complaint

was docketed that same day.  ECF Nos. 4 and 6.  The Complaint is a typewritten

56-page Verified Complaint with 249 paragraphs, and approximately 150 pages of

exhibits attached.  ECF No. 6.

Roten brings claims under Title II of the Americans with Disability Act

("ADA"), Section 504 of the Rehabilitation Act ("RA"), and § 1983 for violations of

the Eighth and Fourteenth Amendments.  Named as defendants are over three-

dozen parties, including DOC officials and employees, two private companies

contracted to provide medical services to DOC prisoners (Wellpath and Centurion),

two Wellpath employees, four Centurion employees, and two unnamed Doe

Defendants.  Roten alleges, among other things, that despite having an extensive

documented lifelong history of serious mental health issues, Defendants have

denied him effective mental health and medical care and reasonable

accommodations to effectively manage his treatment needs.  Central to the case are events immediately before and after Roten's self-described "preventable suicide" attempt on May 27, 2022.  ECF No. 6, at ¶ 181.

Because of the Court's rulings on Defendants' motions to dismiss, these claims remain: (i) claims brought under the ADA and RA against the Corrections Defendants in their official capacities only; and (ii) Section 1983 claims for violations of the Eighth and Fourteenth Amendments against the Medical Defendants, the Corrections Defendants, and the remaining Centurion Defendants.[2] ECF Nos. 74 and 75.  All Defendants have answered the Complaint, ECF Nos. 77, 78, and 79, and discovery is due to conclude on October 25, 2024.  ECF No. 101.

This is Roten's second motion for injunctive relief.  In January 2024, Roten filed his first motion for Motion for Temporary Restraining Order alleging that Defendant Coulehan had improperly restricted his use of the law library legal research computer.  ECF No. 68.  Specifically, he argued that the law library research computer required a password and that his requests for a password had been denied.  *Id*.  The Court construed Roten's argument to be that his right to access to the courts had been violated.  Noting that "federal courts are not overseers of the day-to-day management of prisons," the Court denied the motion directing Roten to file an appropriate administrative grievance if he believed his right to

---

[2]     The remaining Centurion Defendants are: Centurion Health, LLC and Amy Silberschmidt.  Centurion Defendants Trout, Renberg, and Mason have been dismissed based on Roten's failure to fully exhaust administrative remedies.  ECF No. 74.

access to the Court had been violated.  ECF No. 73.  The Court also informed Roten

that should he need additional time in responding to any Order of the Court, he

should file a motion for extension of time to respond.  *Id*.

In the instant motion, Roten claims that injunctive relief is warranted

because a typewriter, word processor, and printer are necessary accommodations as

"he has serious mental illness and disabilities that significantly impair his ability to

handwrite legal documents."  ECF No. 98 at 2.  He asserts that SCI-Greene officials

are denying "Plaintiff this service and these benefits, even though they provided

them to Plaintiff at SCI Dallas and are currently providing these accommodations

to inmates in the SCI Greene General Population Law Library."  *Id*. at 3.[3]  As relief,

Roten seeks an order compelling the Corrections Defendants to "arrange for the SCI

Greene L-A Unit Law Library to be equipped with computers, Microsoft Word

Processor legal document preparation technology, and printers" and to "provide

uninhibited access to the inmate password required for plaintiff to access inmate

law library computers only."  ECF No. 97-2. He argues that he was provided these

accommodations at SCI-Dallas and those same accommodations should continue at

SCI-Greene.  ECF No. 105.  According to Roten, without these "tools,"[4] he is

---

[3]     Roten was housed at SCI-Dallas from October 2020 until December 2021,
when he was transferred to SCI-Greene.  ECF No. 6, at ¶ 44.

[4]     In *Rivera v. Monko*, 37 F.4th 909, 915 (3d Cir. 2022), the Court of Appeals
stated that for an inmate to state a claim for denial of the constitutional right to
access the courts, "the inmate must allege both that he was denied 'the tools . . .
need[ed] in order to challenge the conditions of [his] confinement' and that an actual
injury resulted." (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (emphasis
added).  Rivera argued that "because of his inability both before and at trial to
access the Federal Rules of Evidence and the Federal Rules of Civil Procedure, he

> left with virtually no way to prepare legal documents in
> pursuit of this non frivolous civil action, or send letters to
> his family, because his ADHD disability symptoms make
> sitting still for extended periods of time handwriting an
> impracticable, if not impossible, form of communication
> for Plaintiff.  He gets distracted, forgets to cite argument
> or cases or facts.

ECF No. 105.

The Corrections Defendants argue that Roten's request for injunctive relief should be denied on several grounds.  First, they argue that Roten neither has a specific right to a computer or word processor for legal work nor does Roten enjoy a right to submit typewritten pleadings.  ECF No. 103.  Next, they argue that, contrary to Roten's assertions, he does not qualify for "legal aide services" under DOC Policy DC-ADM 007, Section 2(A)(1), and that "the only interference caused by his disability relates to his slow pace of work, rather than his ability to use or understand legal materials."  ECF No. 103.  They also argue that an issuance of an injunction would

> usurp the authority of Defendants regarding the
> administration of institutional law libraries - as Plaintiff
> has requested -- the Court would be taking control of some
> day-to-day operations of the prison system and
> substituting their lay judgment for that of corrections
> professional. (sic)  Such operations are routinely left to

---

was not able to introduce important records and statements into the evidence," and had he been able to introduce these documents and statements into evidence, the jury was likely to have held in his favor. *Rivera,* 37 F.4th at 915.  The Court of Appeals held that "when a prisoner asserts a potentially meritorious conditions of confinement claim, his access to the court must encompass continuing access to copies of court rules and procedures. *Id.*  Here, Roten is not complaining that he has been denied access to needed legal materials; rather he argues "[t]his is about being accommodated with access to Microsoft Word Processor and a printer at Greene, just as previously at Dallas."  ECF No. 110-1.

> prison administrators, and the Courts have historically
> been reluctant to enmesh themselves into prison
> administration.

ECF No. 103 at 10.  The L-Block, where Roten is housed, has a legal research

computer and while that law library does not contain a printer and the computer

does not feature a word processing application, Roten has access to copying services

from the main law library.  ECF No. 103-1.  And last, the Corrections Defendants

have offered the July 31, 2024, Declaration of Daniel Coulehan, a Unit Manager at

SCI-Greene.  ECF 103-1.  Coulehan states that he has never been provided with any

accommodation request executed by Roten nor has he been instructed to arrange

any accommodation for Roten after such a request was approved.  ECF No. 103-1, at

¶ 7.[5]

## II.   Standard of Review

Motions for preliminary injunctive relief are governed by Rule 65 of the

Federal Rules of Civil Procedure and are judged against exacting standards.[6]  "A

---

[5]      Roten has provided a copy of an "Inmate Disability Accommodation Request"
form dated May 18, 2022, which he submitted to the SCI-Greene Health Care
Corrections Administrator.  ECF No. 105-1.  He requested, among other things, "the
Department to provide legal assistance (document preparation) or other
alternatives."  He also has provided a copy of Grievance 993499, dated August 14,
2022, in which he complained that the deprivation of "meaningful law library
equipment such as a computer with Microsoft word processor, printer, and/or
typewriter . . . is inhibiting my abilities to litigate my claims . . . ."  ECF No. 105-1,
at 58 – 63.  The grievance was denied at all levels of review.  *Id*.  The Facility
Manager's Appeal Response stated, "Suggest if you feel you have mental and/or
physical disabilities, to follow the appropriate procedures and file an ADA request
to see if you qualify for accommodations. . . ." ECF No. 105-1, at 62.

[6]      Under Rule 65(a)(1) of the Federal Rules of Civil Procedure, a "court may
issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P.
65(a)(1).  In contrast, a "court may issue a temporary restraining order without

preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. National Resources Def. Council*, 555 U.S. 7, 24 (2008).

The Court of Appeals for the Third Circuit has outlined four factors that a court ruling on a motion for preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will suffer irreparable harm by the denial of the relief; (3) whether granting relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary injunction will be in the public interest. *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010).[7]   A party seeking a preliminary injunction must meet the threshold two "most critical" factors:  it must show both a reasonable likelihood of success on the merits and irreparable harm if the requested relief is not granted. *Cigar Ass'n of America, Inc. v City of Philadelphia*, No. 20-3519, 2021 WL 5505406, *2 (3d Cir. Nov. 24, 2021) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)).  "As these elements suggest, there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).  If these two factors are met, then the court considers the remaining two

---

written or oral notice to the adverse party or its attorney" if certain conditions are met. Fed. R. Civ. P. 65(b)(1).

[7]      The same factors are used to determine a motion for temporary restraining order. *Ball v. Famiglio*, Civil No. 1: CV-08-0700, 2010 WL 480876, *2 (M.D.Pa. Feb. 4, 2010).

factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief.  *Id.*

Finally, under the Prison Litigation Reform Act, a court "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."  18 U.S.C. § 3626(a)(1)(A).

## III.  Discussion

A federal district court lacks jurisdiction over claims raised in a motion for injunctive relief where those matters are unrelated to the underlying complaint. *See Ball*, 396 F. App'x at 838 (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *see also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 489-490 (3d Cir. 2000) (affirming denial of injunction where plaintiffs' harm was "insufficiently related to the complaint and [did] not deserve the benefits of protective measures that a preliminary injunction affords"); *Jones v. Taylor*, No. 3:12cv487, 2013 WL 1899852, at *2 (M.D.Pa. May 7, 2013) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220-23 (1945); *Raupp v. Fed. Bureau of Prisons*, No. 06-223, 2006 WL 3332089, at *2 (W.D.Pa. Nov. 16, 2006).

Based on these authorities, the Court concludes that it lacks the authority to grant Roten's requested relief.  The alleged deprivation of a typewriter, word processor, and printer is unrelated to his either (1) his claims that the Corrections Defendants have denied him effective mental health and medical care and

reasonable accommodations to effectively manage his treatment needs or (2) to the events surrounding Roten's "preventable suicide" attempt on May 27, 2022.

To the extent that Roten's "serious mental illness and disabilities" interfere with his ability to adequately prepare litigation papers in a timely fashion, a more appropriate remedy would be to request an extension of time whenever more time is needed to comply with a case management deadline. *See generally* Federal Rule of Civil Procedure 6(b). This Court does not require that legal submissions be typewritten or prepared using a word processor. Rather, the only requirement is that submissions by pro se incarcerated individuals be neatly written, on one side only of 8-1/2 by 11 inch paper. *See* Local Civil Rule 10. Therefore, Roten cannot show that he will be irreparably harmed if his request for an injunction is denied.

Moreover, while Roten has a constitutional right of access to the courts, there is no constitutional right to have access to a typewriter or word processor while in prison. *See Taylor v. Coughlin,* 29 F.3d 39, 40 (2d Cir. 1994); *Saltalamacchia v. Wentzel*, No. 14-0868, 2015 WL 1061640, at *4 (M.D.Pa. Mar. 12, 2015); *Scott v. Ellis*, No. 13-2578, 2013 WL 5300685, at *8 n.2 (D.N.J. Sept. 18, 2013); *Jacobs v. Dist. Attorney's Office*, No. 1:CV-10-2622, 2013 WL 3773419, at *1 (M.D.Pa. July 17, 2013 (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Alexander v. Fed. Bureau of Prisons*, 2006 WL 1620155, at * 1 (W.D.Pa. June 12, 2006); *Hayman v. Vaughn*, No. 91-7490, 1995 WL 8013, at *3 (E.D.Pa. Jan. 9, 1995).

IV.     **Conclusion**

For all these reasons, Roten's Motion for a Temporary Restraining Order and Preliminary Injunction against Corrections Defendants will be denied.

Additionally, Roten's Motion for Telephone Conference will be denied as moot.  An appropriate Order follows.


Dated:  September 17, 2024                    BY THE COURT:

                                              s/Christopher B. Brown
                                              Christopher B. Brown
                                              United States Magistrate Judge


cc:     ISIAH ANDREW ROTEN
        MH 9309
        SCI GREENE
        169 PROGRESS DRIVE
        WAYNESBURG, PA 15370
        (via U.S. First Class Mail)

        All Counsel of Record
        (via ECF electronic notification)